**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

LOCAL 363 UNITED ELECTRICAL WORKERS
OF AMERICA, INTERNATIONAL UNION OF
JOURNEYMAN AND ALLIED TRADES,

                   Petitioner,          **REPORT & RECCOMMENDATION**

   v.                             21-cv-5962 (ARR) (ST)

CULVER ELECTRIC, LLC,

                   Respondent.
----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

On October 26, 2021, Local 363 United Electrical Workers of America, International Union of Journeymen and Allied Trades ("Petitioner" or "Union") filed a petition to confirm a labor arbitration award dated June 30, 2021, against Culver Electric, LLC ("Respondent" or "Employer"). *See* Petition, ECF No. 1. The award was for unpaid wages due journeymen union members Raymond Guisto and Tarek Faitrouni for work performed between July 2019 and November 2019. *See* Petition, Exh. A ("Arb. Award"), ECF No. 1-1.

An answer was due on December 7, 2021. Respondent has failed to plead or otherwise defend the action. Therefore, the Clerk of Court entered default against Respondent on February 15, 2022. *See* ECF No. 9.

Petitioner filed the instant motion for default judgment on March 29, 2022 and that motion was referred to me by the Honorable Denis R. Hurley. *See* ECF No. 10; *see also* Ord.

1

Referring Motion (dated Mar. 30, 2022).  The case was subsequently reassigned to the Honorable Allyne R. Ross.

For the reasons outlined below, this Court respectfully recommends that the Union's award be confirmed and its default judgement motion be GRANTED.  This Court further recommends damages be assessed against the Respondent in the amount of $12,425.68 in unpaid wages to Union worker Raymond Guisto and $19,932.55 in unpaid wages to Union worker Tarek Faitrouni, together with pre-judgment interest.  This Court additionally recommends that Petitioner be awarded its requested costs of $402.00 for filing the petition and service costs in the amount of $209.00. *See* Pet. Br., ECF No. 10.

## BACKGROUND

### I.    Facts

The following facts are set forth in the Petition and in Petitioner's declaration and are unopposed by Respondent. *See* Petition; Feldman Dec., ECF No. 10-2.  Defendant is deemed to have admitted all the well-pleaded allegations therein when, as here, the Clerk of Court has entered default against it. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992).

The Union, Petitioner in this action, is a voluntary, unincorporated association and is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5). *See* Petition, ¶ 4. The Union is the "sole and exclusive" bargaining agent for Respondent's employees. Petition, Exh. B ("Recognition Agrmt"), ECF No. 1-2.

Respondent Culver Electric is a corporation created and existing under the laws of New York and is an "employer" as defined by § 2 (2) of the LMRA, 29 U.S.C. § 152(2). *See id.*

The Building Industry Electrical Contractors Association (the "Association") is Respondent's "representative[] in negotiations with the Union." Feldman Dec., ¶ 6; *see* Petition, Exh. F ("Assoc. Agrmt"), ECF No. 1-4.

Therefore, Respondent is bound "to all of the terms and conditions" contained in the Collective Bargaining Agreement between the Association and the Union for the period including July, 2016 through November, 2019. *See* Petition, Exh. E ("C.B.A."), ECF No. 1-5; Petition, Exh. C ("Assumption Agrmt"), ¶ 1, ECF No. 1-3.

The CBA contains minimum payment requirements for different types of employees and different kinds of electrical work. Workers Raymond Guisto and Tarek Faitrouni were not fully compensated for their work on "prevailing wage jobs" from July 2019 through November 2019, as per the CBA. Feldman Dec., ¶¶ 9-13.

Pursuant to the CBA, the Union brought this matter before a mutually agreed upon arbitrator to recover the unpaid wages. *See* Feldman Dec., ¶¶ 13-15; *see also* C.B.A., Art. 10. The Arbitrator "is authorized and empowered to determine all disputed [*sic*] and grievances that may come before him pursuant to [the CBA] and to award such remedy… he deems proper and reasonable." C.B.A., Art. 10 (C). Such awards "shall be binding upon the union, the association, the employer[] and the employees." C.B.A., Article 10 (F).

Respondent failed multiple times to respond to the Arbitrator's requests, citing lack of counsel, funds, and/or the records necessary to participate fully in a hearing. *See* Arb. Award, 2-8. This caused delay in the proceedings as multiple hearings needed to be rescheduled because of Respondent's missed deadlines. *Id.*

As a result, the arbitration was not complete until June 18, 2021. At the final hearing on this date, Respondent no longer disputed that it owed the workers the money. Instead,

Respondent's representatives stated at the hearing that it "accept[ed] the documents" that the Union submitted regarding unpaid wages "as back up information" and acknowledged that Respondent "owe[d] [the Union workers] the money and intends to pay them." Arb. Award, 8. Respondent further "commit[ed] to the money [it] owe[s] the men" by asserting that there will be "no argument or disagreement on [its] side" regarding the unpaid wages. *Id.*

Petitioner then requested the Arbitrator "enter an award for the amount owed." *Id.* Respondent "reiterated that [it] did not disagree." *Id.*

To help calculate the award, Petitioner filed 15 documents evidencing bounced checks, shorted hours, and missing pay for Union workers Raymond Guisto and Tarek Faitrouni throughout 2019. *Id.* at 9-10. In total, those documents showed Respondent owed $12,425.68 to Guisto and $19,932.55 to Faitrouni, and the Arbitrator found accordingly. *Id.*

Respondent "accept[ed] the documents" and its representative stated it would raise "no argument" regarding those amounts. *Id.* at 8. However, Respondent has to date failed to pay the arbitration award. *See* Petition ¶ 22. Petitioner now asks the Court to confirm the June 30, 2021 Arbitration Award.

## II.    Procedural History

On October 26, 2021, Petitioner commenced this action against Respondent. *See* Petition. A summons was issued to Respondent on October 27, 2021 and returned by Respondent on December 20, 2021. *See* ECF Nos. 6, 7.

On February 15, 2022, the Clerk entered default against Respondent. *See* ECF No. 9. Petitioner filed the instant motion for default judgement on March 29, 2022. *See* ECF No. 10.

## LEGAL STANDARD

To obtain a default judgment, the movant must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.C.P. R. 55(a).  Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to F.R.C.P. Rule 55(b). Once a default is entered against a defendant, it is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup,* 973 F.2d at 158.

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi–Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-CV-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014), *adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014) (internal quotation omitted); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F.Supp.2d 177, 186 (E.D.N.Y.2009).  The fact that a complaint remains unanswered will not, alone, suffice to establish liability on its claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." *Said v. SBS Elecs., Inc.*, No. 08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod.* by 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010); *Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 83 (E.D.N.Y.2012) ("[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").  The non-conclusory factual allegations in the Petition, when accepted as true, must establish Defendant's liability under the law before default judgment may be entered.

Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the court. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir.2012) ("Rule 55(b) commits this decision to the sound discretion of the district court.") (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)).  In determining whether a default judgment should be entered, courts consider three factors: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-CV-2067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)).

The Second Circuit, however, has previously held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); see also *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Group Corp.,* No. 08-CV-2771, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) ("default judgments are generally inappropriate in proceedings to confirm an arbitration award").  Since a petition to confirm an arbitration award typically is accompanied by a record, district courts generally should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Alliance Workroom Corp.*, No. 13-CV-5096, 2013 WL 6498165, at *4 (S.D.N.Y. Dec. 11, 2013).

However, courts in this district have held that default judgments are appropriate to confirm an arbitration award where the defendant failed to contest the claims at the arbitration hearing itself. Where that is the case, "the distinction between moving for default judgment and moving for summary judgment is somewhat academic." *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here!*, 2009 WL 704723, at *3; *see also Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, No. 07-CV-4211, 2008 WL 4693533, at *3 (E.D.N.Y. Oct. 23, 2008) (where defendant never put forward a case in either the arbitration or judicial phases of the dispute at issue, more stringent review under summary judgment standard does not improve defendant's position); *Trs. of the Unite Here Nat'l Health Fund v. New Age Intimates, Inc.*, No. 07-CV-2892, 2008 WL 3833841, at *4 (E.D.N.Y. Aug. 14, 2008) (same). As the Respondent here appeared at the arbitration hearing and did not contest Petitioner's claims but instead agreed that Petitioner is entitled to the relief it seeks, the Court may assess this motion under the default judgment standard.

## DISCUSSION

### I. Petitioner is Entitled to Default Judgment

#### a. Accepting All Allegations in The Petition as True, Petitioner Has Asserted a Valid Claim for the Confirmation and Enforcement of the Arbitration Award

As discussed above, although Respondent's default constitutes an admission of all the factual allegations in the Petition as they relate to liability, Petitioner must nevertheless demonstrate that the uncontested allegations set forth valid claims. *See Said*, 2010 WL 1265186, at *2. Thus, the Court must first analyze whether the allegations of fact within the Petition establish Petitioner's legal claim that it is entitled to confirmation and enforcement of the Award.

As a member of the Association, Respondent is bound to the terms of the CBA that the Association entered into with the Union. *See* Feldman Dec. ¶ 6. The CBA sets forth "the

7

required minimum pay rate" for Union workers. *Id.* at ¶ 8. Both Guisto and Faitrouni were Union workers who performed prevailing wage jobs from July 2019 to November 2019. Petition ¶¶ 8-13. The CBA requires the parties to enter into "arbitration of any and all grievances or disputes which arise with respect to the interpretation and application of any of the provisions" of the CBA. *Id.* at ¶ 10; *see also* C.B.A., Art. 10. It additionally says that "the award and decision of the [Arbitrator] shall be final and binding upon the union, the association, the employer[] and the employees…" C.B.A., Art. 10 (F) (emphasis in original).

Here, an Arbitration hearing was held on April 22, 2021, where Respondent had the opportunity to present evidence on its behalf. Instead, Respondent agreed with Petitioner that it owes the Union members for their unremunerated work. Upon examining "all the evidence, proofs and documents submitted by the parties," the Arbitrator determined that Respondent owed Union worker Raymond Guisto $12,425.68 and Union worker Tarek Faitrouni $19,932.55. Feldman Dec. ¶ 18; *see also* Arbitration Award, 10-13.

The Federal Arbitration Act ("FAA") "provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 576 (2008). In addition, pursuant to Section 301 of the Labor Management Relations Act, ("LMRA") federal courts have jurisdiction over petitions to confirm labor arbitration awards. *See,* e.g., *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir.1998) (noting Section 301 "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards"); *Trs. of Empire State Carpenters Annuity, Apprenticeship Labor Mgmt. Cooperation, Pension and Welfare Funds v. The Flooring Experts*, No. 12-CV-6317, 2013 WL 4042357, at *4 (E.D.N.Y. Aug. 8, 2013), *adopted by* 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013).

Under Section 9 of the FAA, a court "must" confirm an arbitration award unless it is vacated, modified, or corrected as prescribed under Sections 10 and 11 of the FAA. *See* 9 U.S.C. § 9; *Hall*, 552 U.S. at 576. Specifically,

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Hall*, 552 U.S. at 576 (citing 9 U.S.C. §§ 10–11).

Here, the Award has not been vacated or modified and no application for such relief is currently pending. There is also no evidence that the Award was procured by corruption, fraud, or undue means. Nor is there any evidence of a material miscalculation, mistake, or imperfection in the Award. Thus, confirmation under the FAA is appropriate.

Under the LMRA, "Judicial review of a labor-arbitration decision pursuant to [a CBA] is very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). "A court need only find 'a barely colorable justification for the outcome reached' by the arbitrators to confirm an award." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, No. 13-CV-1482, 2013 WL 2350484, at *3 (S.D.N.Y. May 30, 2013) (citing *D.H. Blair*, 462 F.3d 95 at 110).

The Arbitrator's justification for her decision included an analysis of bank letters, incorrect pay stubs, and bounced checks submitted by the Union workers as evidence of the missing wages. *See* Arbitration Award, 9-10. Additionally, Respondent itself agreed with the Arbitrator that it was responsible for the back wages and that the Arbitrator's calculations of those wages were correct. *See* Petition, ¶ 19; *see also* Feldman Dec., ¶ 18. This provides far more than the required "barely colorable justification" for the outcome of the arbitration.

Additionally, "[i]n a case involving a collective bargaining agreement, the Court evaluates whether the arbitrator acted within the scope of his authority." *Ferran,* 2013 WL 2350484, at *3 (citing *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.,* No. 12-CV-005, 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012)) (internal quotations omitted). An award will be confirmed so long as it "draws its essence from the collective bargaining agreement." *Ferran*, 2013 WL 2350484, at *3 (citing *United Steelworkers of Am. v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 597 (1960)).

Here, according to the undisputed facts, a decision was reached by a duly designated arbitrator who calculated the Award based on the terms of the CBA. The Arbitrator found Respondent liable for failing and refusing to pay Union workers the required wage as outlined in the CBA. Thus, the Arbitrator acted within the scope of her authority under the CBA and the Award itself was derived from the terms of the CBA.

Accordingly, this Court recommends that the District Court find that the factual allegations in the complaint establish that Petitioner is entitled to judicial confirmation and enforcement of the Arbitration Award.

## b.    The Default Judgment Factors Indicate Default Judgment is Appropriate in this Case

### i.    Willfulness

The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

As to this first factor, Respondent's failure to participate in the instant action in any way sufficiently demonstrates willfulness. *See Eastern Sav. Bank, FSB v. Beach*, No. 13-CV-341, 2014 WL 923151, at *5 (E.D.N.Y Feb. 12, 2014), adopted by 2014 WL 923151 (E.D.N.Y. Mar.

10, 2014*); Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).

The record indicates that Respondent was served with notice of the Petition at 8 Riverdale Avenue, Massapequa, NY, on November 16, 2021, by delivery to an agent who was authorized to accept service on the Respondent corporation's behalf. *See* Aff. of Serv., ECF No. 7. Further, Respondent was served with 2 copies of the summons and petition by delivery to the New York Secretary of State, pursuant to F.R.C.P. Rule 4(h)(1)(B), on December 8, 2021. *See* ECF No. 7-1. Respondent failed to answer the Petition or request a time extension. *See* Feldman Dec., ¶ 26.

On March 28, 2022, Petitioner filed the instant motion for Default Judgment against Respondent. *See* Pet. Br., ECF No. 10-1. On March 29, 2022, Petitioner sent Respondent "true and correct copies of the motion for default judgment, and all the documents on which it is based, by simultaneous Federal Express overnight mail and regular, pre-paid first-class mail." ECF No. 10-8.

Despite all this notice, Respondent has not opposed or responded to Petitioner's petition or motion in any way. This indicates willfulness. A finding of willfulness is further supported by the fact that Respondent participated in the Arbitration hearing and agreed to pay the sums awarded therein. Therefore, this factor favors entry of a default judgment.

### ii. Meritorious Defense

Turning to the next factor, the Court is unable to determine whether Respondent has a meritorious defense since no such defense has been presented to the Court. *See Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46, 2012 WL 194075, at *3

(E.D.N.Y. Jan. 17, 2012).  However, the Court can conceive of no meritorious defense in this case and, thus, this factor favors entry of default judgment.

### iii.    Prejudice

The last factor to consider is whether the non-defaulting party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Petitioners "as there are no additional steps available to secure relief in this Court." *See Trs. of the Pavers and Road Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. JREM Const. Corp.*, No. 12-CV-3877, 2013 WL 61873, at *4 (E.D.N.Y. Jan. 28, 2013) (internal quotation omitted); *Bridge Oil Ltd.,* 2008 WL 5560868, at *2 (citing *Mason Tenders*, 2003 WL 1960584, at *3).  If a default judgment is not granted, the Union will have no alternative legal redress to recover the amounts due pursuant to the Award.  Thus, this factor too favors a default judgment being entered.

All 3 factors weigh towards granting the default, and Petitioner has established through uncontroverted non-conclusory facts that it has a valid legal claim.  Therefore, this Court respectfully recommends that default judgment be entered against Respondent Culver Electric, LLC.

## II.    Petitioner is Entitled to the Damages It Requests

Although a default judgment entered on the well-pleaded allegations in a complaint establishes a defendant's liability, a petitioner must still prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors Inc.,* 669 F.3d 230, 234 (2d Cir.2012); *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999); *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-64, 2005 WL 2476264, at * 3 (E.D.N.Y. Oct. 7, 2005).

In general, when an arbitration award constitutes the basis for a party's damages claim, the Second Circuit has held that:

> [C]onfirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and the court "must grant" the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The arbitrator's rationale for an award need not be explained, and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case."

*D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984); *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir.1991) (internal quotations and citations omitted)).

Thus, "in evaluating plaintiff's petition to confirm the result of the arbitration, the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the Award." *Application of Trs. of Bldg. Trades Annuity Fund v. Professional Plumbing of Staten Island Corp.*, No. 09-CV-3892, 2010 WL 6230530, at *3 (E.D.N.Y. Nov. 17, 2010) (quoting *Express Haulage*, 2008 WL 4693533, at *3).

Petitioner seeks a judgment confirming sums awarded in the June 30, 2021, Arbitration Award, with interest, as well as filing and service costs. The Arbitrator found Respondent liable for $32,358.23 ($12,425.86 for Raymond Guisto and $19,932.55 for Tarek Faitrouni) in unpaid wages for the period from July 2019 through November 2019.

a.    **Unremunerated Work**

Petitioners seek to recover unpaid wages awarded by the Arbitrator. As discussed above, the Arbitrator relied on bank letters, incorrect pay stubs, and bounced checks submitted by the Union workers as evidence of the missing wages. Though the physical copies of these documents are not before this Court, the descriptions of each document and their total calculations are summarized in the Arbitration Award. *See* Arbitration Award, 9-10. These

documents assure this Court that the arbitrator had "some grounds" on which to grant the damages spelled out in the Award. *Application of Trs. of Bldg. Trades Annuity Fund*, 2010 WL 6230530, at *3.

Since the Arbitration Award has not been "vacated, modified, or corrected," and no such action is pending, this Court "must" confirm the amounts outlined in it as damages. *D.H. Blair*, 462 F.3d at 110 (internal quotations omitted).

This Court respectfully recommends that damages for unpaid wages be awarded in favor of Petitioner in the amount of $32,358.23.

### b.    Interest

Petitioner also seeks an award of "interest thereon from the date of the [June 30, 2021] Awards." Feldman Dec., ¶ 37.  The Court construes this as seeking prejudgment interest from June 30, 2021 to the date of the court's judgment.

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *Abonodolo v. Milton Abeles, Inc.*, No. 10–CV–0494, 2010 WL 5491133, at *3 (E.D.N.Y. Sept. 9, 2010) *report and recommendation adopted in part*, 2010 WL 5490877 (E.D.N.Y. Dec. 30, 2010) (quoting *Herrenknecht Corp. v. Best Rd. Boring*, No. 06–CV–5106, 2007 WL 1149122, at *1 (S.D.N.Y. Apr. 16, 2007)).

In the Second Circuit, there is "a presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir.1984); *accord 1199/SEIU United HealthcareWorkers E. v. S. Bronx Mental Health Council Inc.*, No. 13–CV–2608, 2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014); *Bldg. Material Teamsters Loc. 282, I.B.T. v. A Star Bus. Servs. Of New York Corp.,* No. 11 CV 4646 KAM, 2012 WL 3568262, at *6.

14

This is particularly true "where the agreement between the parties states that an arbitration decision is final and binding." *Milton Abeles*, 2010 WL 5491133, at *3; *see, e.g., Bldg. Material Teamsters*, 2012 WL 3568262, at *6 (quoting *Local 335, United Serv. Workers Union, IUJAT v. Roselli Moving & Storage Corp.*, No. 09–CV–3853, 2010 WL 3283553, at *3 (E.D.N.Y. July 20, 2010) *report and recommendation adopted as modified*, 2010 WL 3257792 (E.D.N.Y. Aug. 13, 2010)); *Local 282, Int'l Broth. of Teamsters v. Pile Foundation Const. Co., Inc.*, No. 09–CV–4535, 2011 WL 3471403, at *13–14 (E.D.N.Y. Aug.5, 2011); *accord 1199/SEIU United Healthcare*, 2014 WL 840965, at *8.

Here, the CBA stipulates that "the award and decision of the [Arbitrator] shall be final and binding upon the union, the association, the employer[] and the employees…" C.B.A., Article 10 (F).

Respondent has put forth no argument to overcome the presumption in favor of prejudgment interest.

Therefore, this Court respectfully recommends that Petitioner be granted prejudgment interest on the $32,358.23 awarded by the Arbitrator.

The prejudgment interest rate to be applied is within the District Court's discretion. *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC,* 335 F. Supp. 3d 349, 353-354 (E.D.N.Y. 2018) (citing *N.Y. City & Vicinity Dist. Council of Carpenters v. Sukhmany Constr., Inc.,* No. 16-CV-6360, 2018 WL 1462235, 2018 U.S. Dist. LEXIS 20341, *2 (E.D.N.Y. Feb. 6, 2018)).  Generally, in labor cases in New York State involving the confirmation of an arbitration award, courts in this Circuit award prejudgment interest at a rate of 9% per annum based upon N.Y. C.P.L.R. § 5004. *See Allied Design*, 335 F. Supp. 3d at 353-54 (citing *Bldg. Material Teamsters Local 282, I.B.T. v. A Star Bus. Servs. Of New York Corp.,* No. 11-CV-4646,

2012 WL 3568262, 2012 U.S. Dist. LEXIS 110359, *6 (E.D.N.Y. May 30, 2012), *report and recommendation adopted,* 2012 WL 3230481, 2012 U.S. Dist. LEXIS 110317 (E.D.N.Y. Aug. 6, 2012)).  Where a petition to confirm an award is not filed expeditiously, courts have instead awarded the lower federal prejudgment interest rate under 28 U.S.C. § 1961 to avoid an award of interest that "result[s] in a windfall." *See Allied Design,* 335 F. Supp. 3d at 354; *see also Sarhank Grp. v. Oracle Corp.,* No. 01-CV-1285, 2004 WL 324881, 2004 U.S. Dist. LEXIS 2493, *4 (S.D.N.Y. Feb. 19, 2004), *vacated and remanded on other grounds*, 404 F.3d 657 (2d Cir. 2005).

Here, Petitioner expeditiously filed the petition only four months after the Award, as opposed to waiting until the statute of limitations period was coming to a close. Thus, with no reason to depart from general practice here, I recommend Petitioner be awarded prejudgment interest at a rate of 9% per annum.

### c.    Costs

Petitioner has also requested the costs and disbursements it has incurred in this action be awarded as damages. *See* Petition.  Specifically, Petitioner requests $611.00 for costs of the filing fee and service of the Petition. Feldman Dec. ¶¶ 35-36.

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 550 (2010).  However, awarding costs may be proper when a party opposing confirmation of an arbitration award "refuses to abide by an arbitrator's decision without justification." *International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985) (citing *Bell Production Engineers Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.,* 688 F.2d 997, 999 (2d Cir. 1982)).  Here, Respondent has no justification for failing to abide by an Award which it itself

acknowledged was proper.  Therefore, the awarding of costs incurred in litigation to confirm the award is proper here.

The costs incurred by Petitioner in this action are supported by its docket filings and consist of a $402.00 filing fee and $209.00 in service of process costs. Costs of Service Rec., 2-3, ECF No. 10-6; Bill of Costs, ECF 10-7; *see also* Cert. of Serv., ECF No. 10-8

The Court concludes that these are true litigation costs and the expenses are supported by the documentation in the record.  Accordingly, this Court respectfully recommends that Petitioner be awarded its requested costs of $402.00 for a filing fee and $209.00 for costs of service for a total of $611.00.

## <u>CONCLUSION</u>

Because of the foregoing, this Court respectfully recommends that default judgment be entered against the Respondent, and that the Petitioner be awarded the Arbitrator's award of $12,425.86 for Raymond Guisto and $19,932.55 for Tarek Faitrouni together with pre-judgment interest, and $611.00 in costs.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
         August 5, 2022